UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYDAR AL KHAFATI, CDCR # AD6321, Plaintiff, v. PATRICK COVELLO, BRANTLEY CHOATE, M. BITER, M. VOONG, and DOES 1 TO 5, INCLUSIVE, Defendants. | Case No.: 3:19-cv-01811-LAB-LL **ORDER:** **1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]** **AND** **2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Haydar Al Khafati, ("Plaintiff"), a prisoner at the Correctional Training Facility ("CTF") in Soledad, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Patrick Covello, Warden of the Richard J. Donovan Correctional Facility ("RJD") in San Diego, Brantley Choate, Director of the Division of Rehabilitation Programs at the California Department of Corrections and Rehabilitation

("CDCR"), M. Biter, Chief Deputy Warden of the CTF, and M. Voong, Chief of the Office of Appeals at the CDCR (collectively, "Defendants") violated his Eighth and Fourteenth Amendment rights by denying Plaintiff testing that would have allowed him to access certain educational programs. Additionally, Plaintiff alleges that Warden Covello violated his Eighth and Fourteenth Amendment rights when Covello's subordinates placed Plaintiff in administrative segregation for more than six months because he is from Iraq. (*See* Compl., ECF No. 1, at 3.)

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead filing a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF No. 3, at 1.) These documents show that although he carried an average monthly balance of $31.87 and had $10.05 in average monthly deposits to his trust account for the six months preceding the filing of this action, Plaintiff had an available balance of just $4.53 at the time of filing. (*See id.* at 1-2.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), but declines to impose the initial $6.37 partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs

the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v.*

*Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

B. Factual Allegations

Plaintiff's Complaint focuses on two apparently separate alleged constitutional violations.

First, Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated when he was denied the opportunity to take the Test of Adult Basic Education ("TABE"). (*See* Compl. at 3.) This denial allegedly resulted in Plaintiff not receiving access to certain educational programs that the Bureau of Parole Hearings ("BPH") requires for inmates like Plaintiff who are serving life sentences. (*See id.*) Plaintiff argues that Defendant Covello, the Warden at RJD, is responsible for this denial because "the defendant's subor[di]nates did not afford [P]laintiff the opportunity to be TABE tested . . . ." (Compl. at 3.) The Complaint contains similar allegations regarding Defendant Choate, the Director of CDCR's Division of Rehabilitation Programs, who allegedly "failed to assure that [P]laintiff was afforded the TABE test, especially where [P]laintiff is a life prisoner and needed to comply with the [BPH's] expectation of incoming prisoners." (*Id.* at 3.) Despite granting Plaintiff's second-level appeal, Defendant Biter, the Chief Deputy Warden of the CTF, is alleged to be responsible for Plaintiff's alleged injuries because "the plaintiff's suffering continued as he was given the

run-around once again . . . ." (*Id.* at 3, Ex. A.) Finally, Plaintiff contends that Defendant Voong, the Chief of the Office of Appeals at CDCR, "followed the intangible lead set by the [other Defendants]" and denied Plaintiff's third-level appeal. (*Id.* at 3; *see also* Ex. B.)

Second, and seemingly separately, Plaintiff alleges that Warden Covello also violated Plaintiff's rights when Covello's subordinates "placed [Plaintiff] in Administrative Segregation for better than (6) months for no reason except that because plaintiff is from Iraq." (*Id.* at 3.) The Complaint does not elaborate on this allegation, which is not repeated with respect to the other Defendants or referenced in the exhibits to Plaintiff's Complaint. (*See id.*)

C. Analysis

Plaintiff's claims predicated on access to TABE testing or other educational programs must be dismissed because there is no Eighth or Fourteenth Amendment right to access testing or educational or rehabilitation programs in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (depriving prisoner of rehabilitation and educational programs does not violate Eighth Amendment); *Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985) (absence of property interest in educational program in prison precluded Fourteenth Amendment claim); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) ("[T]here is no constitutional right to rehabilitation."), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

Additionally, all of Plaintiff's claims against Warden Covello and Director Choate, including the allegations against Covello for Plaintiff's placement in administrative segregation, must be dismissed for a separate reason. Supervisors like Warden Covello and Director Choate may be held individually liable in a Section 1983 suit only if they engaged in some "culpable action, or inaction, [that] is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Supervisors like Warden Covello and Director Choate "cause[]" a constitutional deprivation if they (1) personally participate in

or directs a subordinate's constitutional violation; or (2) the constitutional deprivation can otherwise be "directly attributed" to the supervisors' own culpable action or inaction, even though the supervisors were not "physically present when the [plaintiff's] injury occurred." *Id.* at 1206-07; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

Plaintiff does not offer any "factual content" that would allow the Court to "draw the reasonable inference" that either Warden Covello or Director Choate *personally* participated in any of the allegedly unconstitutional conduct that caused him harm, or that the alleged conduct could otherwise be "directly attributed" to either Defendant. *Iqbal*, 556 U.S. at 568 ("[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to show entitlement to relief). As a result, the Court finds that even with the benefit of liberal construction, Plaintiff's Complaint as currently pleaded, fails to "state a claim to relief that is plausible on its face." *See id.* Indeed, the Complaint attributes the alleged unconstitutional conduct to Warden Covello's "subor[di]nates," and conclusorily alleges that Director Choate "failed to assure" that Plaintiff was afforded the testing opportunities he seeks. (Compl. at 3.) If Plaintiff wishes to press claims against Warden Covello and Director Choate (or any other supervisory employee), he must allege how those Defendants personally participated in or otherwise caused the allegedly unconstitutional conduct at issue in the Complaint.

In closing, the Court notes that Plaintiff's request for injunctive relief "[p]reventing defendants from using their failure to TABE Test plaintiff," in the BPH process also must be dismissed. (*See* Compl. at 7.) There are no Defendants in this action who are alleged to be employees of the BPH or to be participants in the BPH process. As a result, the Court cannot grant injunctive relief preventing Plaintiff's failure to be TABE tested, and therefore to obtain a GED, from affecting the BPH process. *See* Fed. R. Civ. P.

65(d)(2)(A)-(C) (stating that an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation.").

For all these reasons, the Court dismisses Plaintiff's Complaint for failing to state an Eighth or Fourteenth Amendment claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Watison*, 668 F.3d at 1112. Given Plaintiff's pro se status, however, the Court will grant leave to amend his pleading deficiencies, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

## III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated: December 5, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge